UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THOMAS TUBESING										CIVIL ACTION

VERSUS
												NO. 14-641-JJB
UNITED STATES OF AMERICA

**RULING ON MOTION TO DISMISS**

This case is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) filed by the defendant, the United States of America (USA). Thomas Tubesing (Tubesing), the plaintiff, filed an opposition (Doc. 12) to which the USA replied (Doc. 15). Oral argument is unnecessary.

**Background**

The plaintiff has been an employee of the Centers for Disease Control (CDC) since 2003; in 2007, he agreed to transfer to Baton Rouge. In Baton Rouge, Tubesing reported what he felt were several public health threats at his job site. Later, when Tubesing was terminated in December of 2007, he sought redress from the Merit Systems Protection Board (MSPB) and claimed that his firing was in retaliation for reporting the issues at his office. The CDC, however, claimed that Tubesing was merely a probationary employee and not entitled to relief. On November 25, 2008, an administrative law judge found that Tubesing was not a probationary employee and ordered that he be returned to his "status quo" position—retroactive to December of 2007—by January 19, 2009. Though Tubesing was back on payroll by January 19, he felt that he was not adequately restored to his "status quo" position and filed a petition for enforcement. An administrative law judge again found for Tubesing, and the MSPB affirmed the judge's

ruling. Tubesing claims that the MSPB found the agency noncompliant until at least August of 2012.

In his lawsuit, Tubesing claims that in relation to his reports of public health threats, his termination, and his appeals and petitions, which stretched through 2008 and early 2009, there were additional adverse actions by his employer. Initially, after he first reported the safety issues, Tubesing claims his employers undercut and impeded his ability to fulfill his job duties, required him to perform work outside of his job duties, blamed him for mistakes by others, made false statements and reports, intimidated other employees to prevent them from cooperating with Tubesing, and worked to prevent Tubesing from investigating and reporting other potential safety issues. Tubesing claims that additionally, after he won his appeal of his termination in November of 2008, his employers ordered him to work from home, depriving him of workspace or an office; he also asserts that the agency threatened adverse action if he tried to return to Atlanta as he would be changing work stations without orders.

Based on these allegations, Tubesing filed suit in 2014 under the Federal Tort Claims Act (FTCA). He alleged that his employers' actions constituted numerous torts, including fraud and intentional infliction of emotional distress (IIED). The government responded by filing this motion; it claims that the Court lacks subject matter jurisdiction over these claims for a variety of reasons, including that the claims are preempted by the Civil Service Reform Act (CSRA).

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a demand based on a court's lack of subject matter jurisdiction. The burden of proof rests with the party asserting that subject matter jurisdiction over the claim exists. *Willoughby v. United States*, 730 F.3d 746, 749 (5th Cir. 2013). When evaluating the motion, "the district court has the power

to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Spotts v. United States*, 613 F.3d 559, 566–67 (5th Cir. 2012)).

## Analysis

Tubesing's claims arise under the FTCA, which provides the exclusive remedy for tort claims against the United States. 28 U.S.C. §§ 1346(b) and 2674 (2014). The FTCA waives the United States' sovereign immunity in strictly defined situations. *Id*. However, when the CSRA applies, it precludes claims under the FTCA. *Rollins v. Marsh*, 937 F.2d 134, 139 (5th Cir. 1991). Congress intended the CSRA to be "an integrated scheme of administrative and judicial review, designed to balance the legitimate interest of various categories of federal employees with the needs of sound and efficient administration." *Id*. at 137. Therefore, the Fifth Circuit noted, the CSRA is "the comprehensive and exclusive [set of] procedures for settling work-related controversies between federal civil-service employees and the federal government." *Id*.

Whether the CSRA precludes a claim depends upon whether the actions alleged are within the coverage of prohibited personnel actions. Significantly, Congress amended the CSRA to add whistleblowing claims to its framework with the Whistleblower Protection Act, and this portion of the CSRA lists several examples of prohibited personnel practices related to whistleblowing. 5 U.S.C. §§ 2302(a)(2)(A)(i)–(xii) (2014). Issues concerning whether an action is a prohibited personnel practice have reached courts before; the Ninth Circuit, in *Brock v. United States*, allowed a claim under the FTCA to proceed where the employee alleged that a superior had sexually assaulted her. 64 F.3d 1421, 1423 (9th Cir. 1995). Sexual assault and rape, the court noted, went well beyond mere sexual discrimination or sexual harassment, which are

3

employment-related issues and covered by the CSRA. *Id*. In contrast, the Ninth Circuit held that the CSRA did preempt tort claims based merely on "lack of training, obstruction of the employee's ability to compete, and interference with the merit system." *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir. 1991). The Ninth Circuit also cited *Lehman* in *Brock*, demonstrating that it felt the two cases were distinguishable. *Brock*, 64 F.3d at 1424–25.

The Court finds that, in the instant case, Tubesing's allegations more closely resemble those of the plaintiff in *Lehman* than in *Brock*. Although he refers to several actions that are not specifically listed as prohibited personnel practices, these actions are closely related to those listed practices. The claims that his employers undercut and impeded his ability to fulfill his job duties, required him to perform work not within his job duties, blamed him for mistakes by others, made a litany of false statements and reports, intimidated other employees to prevent them from cooperating with him, and worked to prevent him from investigating and reporting other potential safety issues are all within the employment sphere that Congress intended to regulate with the CSRA. These issues relate directly to several of the listed practices, such as "performance evaluation[1]" or "change in duties," and are closely related to a work and employment dispute—unlike the sexual assault in *Brock*. Tubesing's other claims also fit this description; his claim that he was forced to work from home and deprived of an office is related to the prohibited personnel practices covered by "any other significant change in . . . working conditions," for example. Ultimately, though Tubesing correctly points out that his allegations are not listed explicitly as prohibited personnel practices, they all are closely related to these practices and within the intended reach of the CSRA. Therefore, the USA's motion will be granted.

---

[1] This encompasses the allegation that he was blamed for the failures of others, for example.

4

**Conclusion**

For the foregoing reasons, the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is GRANTED.

Signed in Baton Rouge, Louisiana, on March 24, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**